## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

|  |  |
|---|---|
| RICHARD JOHN LLEWELLYN, JR., | : |
|  | : |
|  | : Case No.:  5:18-cv-1340 |
| Plaintiff, | : |
| v. | : |
|  | : |
| WAL-MART STORES OF TEXAS, LLC | : |
| and SYNCHRONY FINANCIAL, | : |
|  | : |
| Defendants. | : |
|  | : |

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendants Wal-Mart Stores Texas, LLC ("Wal-Mart") and Synchrony Bank (erroneously sued as "Synchrony Financial") ("Synchrony") (collectively, "Defendants") hereby notice removal of the state court civil action known as *Richard John Llewelln, Jr. v. Wal-Mart Stores of Texas, LLC and Synchrony Financial*, Case No. 2018CV07858, from the County Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, and in support thereof states as follows.

1.      On or about November 27, 2018, Plaintiff Richard John Llewellyn, Jr. ("Plaintiff") filed a Complaint against Defendants in the County Court of Bexar County, Texas (the "State Court").  In compliance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Synchrony is attached hereto as **Exhibit 1**.

2.      As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Synchrony has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332.

## GROUNDS FOR REMOVAL

### I.    Synchrony Has Satisfied the Procedural Requirements for Removal.

3.    Wal-Mart first received a copy of the Summons and Complaint through its registered agent for service of process, CT Corporation, by certified mail on December 6, 2018. Synchrony first received a copy of the Summons and Complaint by mail on December 11, 2018. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(3) because Defendants are filing their Notice of Removal within 30 days of their receipt of the initial pleading setting forth the claim for relief upon which such action is based.

4.    This Court is the proper division because it embraces the County Court of Bexar County, Texas, where Plaintiff's action is pending.  *See* 28 U.S.C. §§ 1441 and 1446(a).

5.    No previous request has been made for the relief requested herein.

6.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the State Court Clerk.

### II.    Removal Is Proper Because This Court Has Subject Matter Jurisdiction.

#### A.    Federal Question Jurisdiction under 28 U.S.C. § 1331

7.    Under 28 U.S.C. § 1331, United States District Courts are vested with jurisdiction to consider cases or controversies "arising under" the laws of the United States of America.  *See* 28 U.S.C. § 1331.

8.    Removal of such cases is governed by 28 U.S.C. § 1441(b).  Section 1441(b) makes clear that a case brought in state court, raising a federal question, "*shall* be removable" to the United States District Courts "without regard to the citizenship or residence of the parties."  28 U.S.C. § 1441(b) (emphasis added).

9.    Here, Plaintiff's Complaint alleges that Defendants improperly reported a Wal-Mart

credit account as his rather than his father's, that he disputed the reporting with the credit reporting agencies, that the credit reporting agencies responded that Defendants verified the reporting of the debt as accurate, and that this constituted a violation of the Fair Credit Reporting Act (the "FCRA").  Exh. A, Complaint, ¶¶ 7, 9, 10.

10.     Plaintiff asserts state law claims based on information he alleges Defendants furnished to credit reporting agencies.  *See* Compl. ¶ 11 (alleging a violation of Tex. Fin. Code 391.304), ¶¶ 16-21 (alleging "negligent failure to maintain reasonable procedures designed to assure maximum possible accuracy in the information being reported"), ¶¶ 22-24 (allegation a violation of the Deceptive Trade Practice Act), ¶¶ 25-27 (alleging a violation of the Texas Fair Credit Reporting Act).

11.     Plaintiff's purported causes of action against Synchrony are couched as violations of state statutes.  However, these claims are preempted by federal law, specifically, the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").

12.     The FCRA contains a civil enforcement provision that specifically grants jurisdiction to the federal courts for enforcement.  *See* 15 U.S.C. § 1681p ("An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy[.]")

13.     The FCRA broadly preempts state law claims by providing that "[n]o requirement or prohibition may be imposed under the law of any State—(1) with respect to any subject matter regulated under … (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."  15 U.S.C. § 1681t(b); *see also Shaunfield v. Experian Information Solutions, Inc*., 991 F. Supp. 2d 786, 806-07 (N.D. Tex. 2014) (finding that FCRA preempted both common law claim of defamation and claim for violation of Tex. Bus. &

Comm. Code § 20.06(d), (e)); *Seelbach v. Ditech Financial LLC*, 2018 WL 3496479, at *4 (N.D. Tex. July 19, 2018) (holding that claims for violation of Texas Debt Collection Act and Texas Deceptive Trade Practices-Consumer Protection Act were preempted by FCRA, as they were based on allegations of inaccurate credit reporting).

14.     15 U.S.C. § 1681h(e) further preempts negligence claims based on credit reporting where a plaintiff does not meet the heightened standard of malice or willfulness:  "Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of  . . . negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title . . . , based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer." *See also Henry v. Capital One Bank (USA), N.A.*, 2018 WL 4346727, at *5 (N.D. Tex. Aug. 9, 2018) (holding that common law defamation claim based on furnishing of information to credit reporting agencies was preempted by FCRA because allegations failed to show malice); *Malek v. Green Tree Servicing, LLC*, 2015 WL 12570836, at *3 (S.D. Tex. May 19, 2015) (finding preemption of defamation claim based on allegedly derogatory credit reports to credit bureaus where allegations failed to show reports were made with malice).

15.     Plaintiff's state law claims are based on allegations that Defendants furnished inaccurate information to the credit reporting agencies.  Compl. ¶ 11 (alleging a violation of Tex. Fin. Code 391.304), ¶¶ 16-21 (alleging "negligent failure to maintain reasonable procedures designed to assure maximum possible accuracy in the information being reported"), ¶¶ 22-24 (allegation a violation of the Deceptive Trade Practice Act), ¶¶ 25-27 (alleging a violation of the Texas Fair Credit Reporting Act).  These claims are therefore preempted under 15 U.S.C. §

1681t(b) and 15 U.S.C. § 1681h(e).

16.     A defendant "may remove a state court action to federal court only if the action could have originally been filed in federal court." *Aaron v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 876 F.2d 1157, 1160 (5th Cir. 1989).

17.     Because Plaintiff's causes of action – being fully preempted unless brought under FCRA – could and should have originally been filed in federal court, Defendants may remove this action to federal court.

**B.     Diversity Jurisdiction under 28 U.S.C. § 1332**

18.     Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) exists in this case because it is between citizens of different states, and the amount in controversy exceeds $75,000.

19.     Complete diversity exists, as Plaintiff and the defendants are citizens of different states:

    a.     Plaintiff alleges that he is a resident of Texas.  Compl. ¶ 2.

    b.     As correctly alleged by Plaintiff, Wal-Mart Stores Texas, LLC is a Delaware limited liability company.  *Id.* ¶ 3.  Its sole member is Wal-Mart Real Estate Business Trust, which is organized under Delaware law.  The sole member of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co.  Wal-Mart Property Co. is a Delaware corporation with its principal place of business in Arkansas.

    c.     Plaintiff alleges that Synchrony Financial is a Delaware corporation.  Synchrony Bank, the proper defendant is a federal savings association with its charter home office is located at 170 Election Road, Draper, Utah.

20.     The amount in controversy exceeds $75,000 because Plaintiff seeks damages of at

$100,000. *Id.* ¶ 31.

21.     Given that the requirements for federal question jurisdiction and diversity jurisdiction are satisfied, this case is properly removed.

WHEREFORE, Defendants, by counsel, respectfully request that the above-referenced action, originally filed in the County Court of Bexar County, Texas, be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

Dated:  December 31, 2018                    Respectfully submitted,


                                             REED SMITH, LLP

                                             /s/ *Michael H. Bernick*__
                                             Michael H. Bernick
                                             Texas Bar No. 24078227
                                             811 Main Street, Suite 1700
                                             Houston, TX 77002
                                             Telephone:  713-469-3800
                                             Facsimile:  713-469-3899
                                             mbernick@reedsmith.com
                                             *Attorneys for Defendants Wal-Mart Stores*
                                             *Texas, LLC and Synchrony Bank (erroneously*
                                             *sued as "Synchrony Financial")*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 31st day of December, 2018, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the registered participants as identified on the Notice of Electronic Filing.


REED SMITH, LLP


/s/ *Michael H. Bernick*
Michael H. Bernick
Texas Bar No. 24078227
811 Main Street, Suite 1700
Houston, TX 77002
Telephone:  713-469-3800
Facsimile:  713-469-3899
mbernick@reedsmith.com
*Attorneys for Defendants Wal-Mart Stores Texas, LLC and Synchrony Bank (erroneously sued as "Synchrony Financial")*